**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff/Respondent,<br><br>v.<br><br>Habib Abdoulaye,<br><br>              Defendant/Movant. | No.  CV-24-00533-TUC-SHR<br>     CR-22-00605-TUC-SHR (LCK)<br><br><br>**Order Denying § 2255 Motion** |

Pending before the Court is Movant Habib Abdoulaye's Motion to Vacate, Set Aside, or Correct Sentence pursuant 28 U.S.C. § 2255.  (Doc. 1 in CV-24-00533.)  The Court will deny the Motion as time barred.

## I.    Background

Movant was born in West Africa in February 2000.  (Doc. 1-2 in CV-24-00533 at 7.)  He is native to the Ivory Coast in West Africa and is a citizen of Liberia.  (*Id.*)  In March 2004, he moved to the United States with his mother.  (*Id.*)  In April 2006, he became a legal permanent resident and has remained in the United States since.  (*Id.*)

Movant was arrested in March 2022 on charges of transportation of illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(iii).  (Doc. 1 in CR-22-00605.)  In April 2022, Movant pled guilty to Transportation of Illegal Aliens Placing in Jeopardy the Life of Any Person, a felony.  (Doc. 1-2 in CV-24-00533 at 14.)  The Court sentenced Movant to imprisonment for twelve months and one day, with 3 years'

supervised release to follow.  (*Id.* at 29.)  Prior to his sentencing, Movant told officials and his counsel he was a United States citizen, but he was, in fact, a legal permanent resident and possessed a card indicating this status.  (Doc. 7 in CV-24-00533 at 4; Doc. 10 in CR-22-00605 at 1; Doc. 1-2 in CV-24-00533 at 4.)  At Movant's sentencing hearing, counsel told the Court Movant had indicated he was a United States citizen.  (Doc. 6-1 in CV-24-00533 at 24:10–11.)

Following completion of his custodial sentence, on January 20, 2024, the Department of Homeland Security served Movant with a notice to appear in removal proceedings (the "Notice"), which stated he was removable under the Immigration and Nationality Act due to his status as an aggravated felon.  (Doc 1-2 in CV-24-0533 at 7–10.)  In October 2024, Movant filed the instant Motion pursuant to § 2255, attacking his sentence on the basis he received ineffective assistance of counsel.  (Doc. 1 in CV-24-00533.)  Specifically, he contends he genuinely believed he was a United States citizen until he received the Notice and argues his counsel unreasonably relied on his assertion of citizenship without further investigating his status in order to properly warn him of the deportation risks of accepting the plea.  (*Id.*)

## II.    Discussion

As a threshold matter, the Court must determine whether the Motion is timely.  Motions filed under § 2255 are generally subject to a one-year limitations period, which runs from "the date on which the judgment of conviction becomes final."  § 2255(f)(1).  A conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."  *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *see Clay v. United States*, 537 U.S. 522, 527 (2003).  In this case, the Court entered judgment on June 16, 2022.  (Doc. 1-2 in CV-24-00533 at 29.)  Movant did not file an appeal, and judgment became final when the deadline to appeal lapsed on June 30, 2022.  *See* Fed. R. App. P. 4(b)(1)(A).  The instant Motion was filed over two years later on October 30, 2024.  Thus, at first glance, the Motion appears untimely.

Alternatively, as relevant here, § 2255(f)(4) allows the statute of limitations to run from "the date on which the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence.*" (Emphasis added.)[1] Under this provision, "[d]ue diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (citation and internal quotation marks omitted). "[T]he key question is whether . . . [Movant] could have discovered the factual predicate for his claims using due diligence more than a year before filing . . . ." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013). Movant has the burden to establish he exercised due diligence in discovering the factual predicate for his claim. *Id.* Movant has failed to meet his burden.

Movant argues his Motion is timely under § 2255(f)(4) because he filed it within one year of January 20, 2024, the date he received the Notice and first realized he was not a United States citizen. But Section § 2255(f)(4) "is only triggered when a defendant discovers facts, not the legal consequences of those facts." *United States v. Pollard*, 161 F. Supp. 2d 1, 10 (D.D.C. 2001); *see Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the [movant] knows (or through diligence could discover) the important facts, not when the [movant] recognizes their legal significance."). Movant's receipt of the Notice is not a new fact within the meaning of § 2255(f)(4)—it is a legal consequence of the fact of his citizenship status. *See Hasan*, 254 F.3d at 1154 n.3. The Notice merely conveyed to Movant he had to appear for removal proceedings and did not alter any historical fact underlying his claim. Movant's lack of awareness of his own citizenship status reflects a failure—either intentional or negligent—to investigate an issue he could have discovered years earlier, rather than the emergence of a new factual predicate. *See United States v. Shelton*, 459 F.2d 1005, 1006–1007 (9th Cir. 1972).

Movant also fails to establish he exercised due diligence to discover his lack of United States citizenship. He seems to assert he believed being a legal permanent resident is equivalent to being a United States citizen—but such belief lacks credible support. He

---

[1] Section 2255(f)(2) and (f)(3) provide alternative dates from which the statute of limitations can begin to run, but neither are applicable here.

presents no evidence to show it was reasonable for him to believe he was a United States citizen up until the date he received the Notice even though he carried a card identifying him as legal permanent resident.  And, despite Movant's multiple previous arrests and four years served of supervised release for a prior offense, he does not point to evidence indicating his false belief of citizenship was affirmed in those proceedings, nor has he shown evidence of measures he took to confirm his citizenship prior to receiving the Notice.  Because Movant has failed to show his claim is predicated on a newly discovered fact that was previously unknowable prior to the date he received the Notice, the Court will not apply § 2255(f)(4) to delay commencement of the statute of limitations.

Likewise, Movant fails to demonstrate the statute of limitations should be equitably tolled.  The timeliness provisions set forth in § 2255(f)(1)–(4) are subject to equitable tolling only when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010); *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006); *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  Equitable tolling is "reserved for rare cases," *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014), and Movant bears the burden of establishing he is entitled to the benefit of equitable tolling, *Holland*, 560 U.S. at 649.  Movant again has failed to meet his burden.

Movant presents no evidence he pursued his rights diligently, nor does he show an extraordinary circumstance prevented him from timely filing his claim.  *See Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (stating movant "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court").  Movant claims the statute of limitations should be equitably tolled because he has "a level of incompetence" and "reduced faculties" such that his counsel committed "serious error and misconduct" by not making further inquiries into Movant's immigration status beyond simply asking if he was a citizen.  (Doc. 7 in CV-

24-00533 at 5.)   But ignorance of the law and a "lack of legal sophistication" are not extraordinary circumstances warranting equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ballesteros v. Schriro*, No. CIV 06–675–PHX–EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (concluding a petitioner's ignorance of the law and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling).  Therefore, Movant is not entitled to equitable tolling of the statute of limitations.

## III.   Conclusion

Because Movant's Motion (Doc. 1) is untimely,

**IT IS ORDERED** the Motion (Doc. 1) is **DENIED WITH PREJUDICE.**

Dated this 17th day of November, 2025.

Honorable Scott H. Rash
United States District Judge